# NO. 12-21-00024-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REAGAN EUGENE PORTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The trial court convicted Appellant Reagan Eugene Porter of possession of a controlled substance. In one issue, Appellant challenges the assessment of a county specialty court account fee in the bill of costs. We affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by indictment with the state jail felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). Appellant waived a jury trial, pleaded "guilty" in an open plea, and pleaded "true" to the State's two enhancement paragraphs,[1] which increased his punishment range to that of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.425(b) (West 2019). The trial court assessed punishment at fifteen years of confinement. This appeal followed.

## COURT COSTS

In his sole issue, Appellant challenges the assessment of a county specialty court account fee in the bill of costs. Appellant asserts that no statutory authority supports imposition of the fee.

---

[1] The first enhancement paragraph alleged that Appellant was convicted of felony driving while intoxicated in 2001, and the second enhancement paragraph alleged that Appellant was convicted of felony driving while intoxicated in 2009.

**Applicable Law**

Section 134.101(a) of the Texas Local Government Code requires a person convicted of a felony committed on or after January 1, 2020, to pay a "Local Consolidated Fee on Conviction of Felony" of $105 as a court cost. TEX. LOC. GOV'T CODE ANN. § 134.101(a) (West 2021); *see Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication). The statute provides that the fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. TEX. LOC. GOV'T CODE ANN. § 134.101(b) (West 2021).

**Analysis**

The trial court assessed a county specialty court account fee of $25 in the bill of costs. The commission date of the offense for which Appellant was convicted is July 17, 2020. Therefore, assessment of a fee for the county court specialty account as part of the Local Consolidated Fee on Conviction of Felony is expressly authorized by Section 134.101 of the Texas Local Government Code. *Id*. § 134.101; *see Hayes*, 2021 WL 1418400, at *2. Accordingly, we overrule issue one.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-21-00024-CR**

**REAGAN EUGENE PORTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1655-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*